UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAKAKHAN R. DAVIS                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:16cv674-DPJ-FKB

HINDS COUNTY, MISSISSIPPI,
SGT. BOBBY MELSON, DEPUTY
CHRIS MADDOX, OFFICER BRENDA
JONES, AND TYRONE LEWIS                                              DEFENDANTS

ORDER

    This pro se civil-rights action is before the Court on Plaintiff's Motion to Strike Answer

[4]; Defendants' Motion for Judgment on the Pleadings on State Law Claims [7]; and

Defendants' Motion for Judgment on the Pleadings as to Federal Claims [9].  For the reasons that

follow, the motion to strike is denied, the motion on the state-law claims is granted in part, and

the motion on the federal-law claims is granted.

I.      Facts and Procedural History

    This case arises out of the arrest and subsequent detention of Plaintiff Chakakhan R.

Davis.  The Court gathered the following allegations from her Complaint [1-2] and takes them as

true under Federal Rule of Civil Procedure 12(c).

    On May 26, 2015, Sergeant Bobby Melson responded to an emergency call from Davis's

mother, who was under her daughter's care.  Upon arrival, Melson informed Davis that

additional deputies were on their way and that she would be brought to jail if she had nowhere to

go.  Once Deputy Chris Maddox and another unknown deputy joined Melson, the officers

arrested Davis for resisting arrest and disturbance of family.  During this time, Davis says the

deputies "physically attacked her on top of huge metal and sharp ten [sic] pieces to the ground."

Compl. [1-2] at 6.  The unknown deputy then intentionally handcuffed her too tightly, and Maddox ignored her complaint about her handcuffed wrists.

Upon her arrival at the county jail, Davis was searched by an unknown female guard while a male staff member was present.  She was then taken to the fingerprinting room, where an unknown female guard attempted to force Davis to walk despite knowing that her legs were hurt too badly to do so.  The women were then joined by Defendant Brenda Jones, who dragged Davis "vigorously" by the arm to her cell, "piercing" her nails into Davis's arm.  *Id.* at 17.  When Davis was later brought back to the fingerprinting room, an unknown female guard intentionally "jerked and snatched" Davis's fingers and sprayed pepper spray.  *Id.*  Davis was eventually released on May 29, 2015, and her charges were later dismissed.

On August 2, 2016, Davis filed a state-court suit against Hinds County, Mississippi, Melson, Maddox, Jones, and Tyrone Lewis.  Hinds County then removed the action to this Court.  Notice of Removal [1].  Davis's Complaint [1-2] alleges federal-law claims for excessive force, illegal search and seizure, cruel and unusual punishment, denial of due process, and reckless training and supervision.  She also brings state-law claims for excessive force, false arrest, false imprisonment, abuse of process, malicious prosecution, and cruel and unusual punishment.  She seeks $1.9 million in compensatory damages, as well as punitive damages.

After Defendants filed their Answer [3], Davis moved to strike it [4].  Defendants responded, but Davis failed to reply.  Thereafter, Hinds County, Jones, and Lewis docketed a Motion to Dismiss [7] Davis's state-law claims under Federal Rule of Civil Procedure 12(c).  A few minutes later, Defendant Jones and Lewis docketed a separate Motion to dismiss [9], seeking dismissal of the federal claims asserted against them in their individual capacities for failure to perfect service of process under Rule 12(b)(5) and judgment on the pleadings under Rule 12(c).

After the parties briefed these initial motions, the Court docketed an Order [23] seeking additional briefing on whether Defendants waived their Rule 12(b)(5) defense under Rule 12, subsections (g) and (h). The Court also asked whether it had jurisdiction to consider the merits of the Rule 12(c) motions as to Lewis and Jones, assuming they did not waive, and were entitled to, relief under Rule 12(b)(5). Both parties submitted their responses, and the Court is now prepared to rule.[1]

II.     Analysis

A.     Motion to Strike

Davis moves to strike Defendants' answer as "clearly frivolous" under Federal Rule of Civil Procedure 12(f). But "[t]he action of striking a pleading should be sparingly used by the courts [and] should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Further, a motion to strike "generally should not be granted absent a showing of prejudice to the moving party." *Conn v. United States*, No. 3:10cv300-CWR, 2011 WL 2117969, at *5 (S.D. Miss. May 27, 2011); *accord Bailey Lumber & Supply Co. v. Ga.-Pac. Corp.*, No. 1:08cv1394-LG-JMR, 2010 WL 1141133, at *5 (S.D. Miss. Mar. 19, 2010) ("Portions of a complaint generally will not be stricken unless 'the allegations are prejudicial to the defendant or immaterial to the lawsuit.'") (quoting *Veazie v. S. Greyhound Lines*, 374 F. Supp. 811, 815 (E.D. La. 1974)).

---

[1] As the case moves forward, the Court reminds Davis of the page limits imposed by Local Rule 7(b)(5). *See Luken v. Collins*, No. 92-4922, 1993 WL 347058, at *1 (S.D. Miss. Aug. 17, 1993) ("*Pro se* litigants must adhere to the Local Rules of Court.").

Davis failed to reply to Defendants' arguments against her motion. And having reviewed the challenged pleading, the Court finds that Defendants' answer as a whole should not be stricken. It is neither immaterial nor prejudicial to Davis. No aspect of Defendants' answer justifies relief under Rule 12(f).

In the alternative, Davis seeks to strike the affirmative defenses listed in Defendants' answer because "they can under no set of facts or circumstances succeed." Pl.'s Mem. [4] at 5. Federal Rule of Civil Procedure 12(f) permits the Court to strike a defense if "the defense asserted is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). But "[m]otions to strike defenses are generally disfavored and rarely granted." *Bertoniere v. First Mark Homes, Inc.*, No. 2:09cv156-DCB-MTP, 2010 WL 729931, at *1 (S.D. Miss. Feb. 25, 2010) (citing *United States v. Benavides*, No. B-07-108, 2008 WL 362682, at *2 (S.D. Tex. Feb. 8, 2008)). "Even when addressing a pure question of legal sufficiency courts are 'very reluctant' to determine such issues on a motion to strike, preferring to determine them 'only after further development by way of discovery and a hearing on the merits, either on summary judgment motion or at trial.'" *Veranda Assocs., L.P. v. Hooper*, No. H-11-4206, 2012 WL 602143, at *3 (S.D. Tex. Feb. 23, 2012) (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2004)).

In their answer, Defendants offer eleven defenses. And the Court has no reservations denying the motion as to each of them. As discussed later, some of the defenses have prevailed in Defendants' motions to dismiss. As to the others, they are proper at this stage, not because they will ultimately prove true but because it is too early to tell. Davis fails to show that any of the defenses are insufficient as a matter of law, choosing instead to focus her actual argument on

the specificity with which Defendants pleaded them. But Defendants have simply preserved these defenses in an answer. Davis's motion to strike is denied.

B.   Motion for Judgment on the Pleadings: Federal-Law Claims Against Lewis and Jones

Davis asserts five federal claims in this case—excessive force, illegal search and seizure, cruel and unusual punishment, deprivation of due process, and reckless training/supervision. Compl. [1-2] at 7–8. Frankly, the Court struggled to determine which claims are asserted against which Defendants. The Court will address this issue as it arises, but generally, Defendants Tyrone Lewis and Brenda Jones now move for dismissal of all federal claims asserted against them in their individual capacities. They base this request on two grounds—ineffective service of process and failure to state a claim.

These arguments present a slightly odd procedural posture. So for clarity, the Court summarizes this portion of the Order as follows. Defendants Lewis and Jones contend that Davis failed to perfect service of process and therefore seek dismissal under Rule 12(b)(5). The Court finds that Defendants did not waive that defense and further agrees that Davis has not established proper service. This threshold finding precludes a separate ruling on the merits under Rule 12(c) as to the individual-capacity claims against Lewis and Jones. So the question becomes whether to quash service with leave to cure or to dismiss those Defendants either with or without prejudice. On this issue, the Court finds that many of Davis's claims against these Defendants are futile and that dismissal without prejudice is warranted as to those claims. Davis will, however, be given an opportunity to seek amendment as to some of her claims, and if she makes a valid argument for amendment, then she will be given an opportunity to attempt proper service on Defendants Lewis and Jones as to those claims.

1.	Service of Process

a.	Whether Lewis and Jones Waived Service of Process

Lewis and Jones initially filed a Rule 12(c) motion seeking dismissal of the state-law claims on September 22, 2016, at 3:19 p.m. Two minutes later, at 3:21 p.m., Lewis and Jones filed a separate motion seeking dismissal under Rule 12(b)(5) of all claims asserted against them in their individual capacities, and alternatively, dismissal under Rule 12(c) of all federal claims. The timing of the motions led the Court to question whether Defendants joined their motion asserting a Rule 12(b)(5) defense with their earlier-filed Rule 12(c) motion as subsections (g) and (h) require. If they did not, the Court must then ask whether they waived the Rule 12(b)(5) defense. Out of caution, the Court sought additional briefing on waiver while informing the parties that "any extraneous issues w[ould] be ignored." Order [23] at 2.

Despite these directives, Davis addressed neither subsection (g) nor (h) of Rule 12 and instead raised a number of arguments that exceeded the scope of the Court's Order. Those new matters will not be considered.[2] And having now reviewed her original and supplemental briefing, it is apparent that Davis has not relied upon subsection (g) or (h). Accordingly, the Court will not further consider the issue.[3]

---

[2] Regardless, Davis's general-appearance argument conflicts with Federal Rule of Civil Procedure 12(b). *See Regions Bank v. Britt*, 642 F. Supp. 2d 584, 587 (S.D. Miss. 2009).

[3] In addition to the fact that Davis never pursued this argument, the issue itself raises some tricky procedural questions the Court would rather not address on these briefs. For example, there is a question whether Rule 12(h) should apply to a post-answer motion. *See* Fed. R. Civ. P. 12(h) advisory committee's notes to 1946 and 1966 amendments. Moreover, the two Rule 12 motions were filed just two minutes apart, and the Court questions whether such contemporaneous filings would invoke Rule 12(h)(1). Certainly, the policy behind subsections (g) and (h) was fully realized. Regardless, a finding for Davis on this narrow issue would just allow the Court to consider dismissal with prejudice under Rule 12(c).

b.      Whether Davis Served Lewis and Jones

Lewis and Jones say that Davis failed to properly serve them under Federal Rule of Civil Procedure 4, requiring dismissal under Rule 12(b)(5). According to the state-court record, Claire Barker, in-house counsel for the Hinds County Sheriff's Office, was served on August 3, 2016. State Ct. R. [1-2] at 61 (Barker Service). But Lewis and Jones contend that Barker was not authorized to accept process on their behalf. Defs.' Mem. [10] at 5. And the Proof of Service only summarizes that Lewis and Jones were served "via their designated representative at the assigned location." *Id.* at 58 (Proof of Service). This alone is not enough to determine sufficiency of process.

In her response, Davis explains that Lewis and Jones were served with process "through in house counsel" in another action with a "virtually identical complaint." But defects in service of process are waivable. Fed. R. Civ. P. 12(h)(1). So service in another case is immaterial. Moreover, serving an attorney is proper only when the attorney has actual authority to accept it. *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002). Davis fails to carry her burden on this point. *See Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ("When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."). Davis failed to perfect service on Lewis and Jones.

c.      Opportunity to Cure

The next question is whether Davis should be given an opportunity to cure, something she seeks in her responses. "The general rule is that when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Gregory v. U.S./U.S. Bankr. Court for Dist. of Colorado*,

942 F.2d 1498, 1500–01 (10th Cir. 1991) (citation and quotation marks omitted). But when service would be futile, dismissal is appropriate. *Id.* Here, Defendants assert futility on two grounds. First, they say the time for service under Federal Rule of Civil Procedure 4(m) has passed. Def.'s Resp. [27] at 5. Second, they say the claims themselves are meritless and subject to dismissal under Rule 12(c).

These alternative arguments raise a question whether dismissal—if otherwise warranted—should be with or without prejudice. To the extent Defendants rely on Rule 4(m), dismissal would generally be without prejudice. Rule 4(m) states in relevant part that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action *without prejudice* against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added); s*ee also Coleman v. Gillespie*, 424 F. App'x 267, 270 (5th Cir. 2011) (modifying dismissal based on Rules 4(m) and 41(b) to be without prejudice).

Less clear is whether a court can dismiss a case with prejudice under Rule 12(b)(5) for want of service, when the complaint otherwise fails to state a claim. This Court previously expressed concern that it would lack jurisdiction to address the merits under Rule 12(c) if services was never perfected. *See* Order [23] (citing *Attwell v. LaSalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979) ("It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process.")). And in *Coleman v. Gillespie*, the Fifth Circuit stated, "Because these defendants were never before the court, the dismissal should be without prejudice." 424 F. App'x at 270. *But see Gregory*, 942 F.2d at 1500–01 (affirming dismissal with prejudice under Rule 12(b)(5) where complaint was futile under Rule 12(b)(6)). The *Coleman* decision was ultimately based on Rules 4(m) and 41(b), but it still gives the Court

pause. And while Defendants' response to the Court's Order [23] seeks dismissal based on futility, Defendants did not explore whether dismissal should be with prejudice. On this record, the Court concludes that dismissal without prejudice is the safer approach if the Complaint fails to state a claim. Accordingly, the Court will examine whether the federal claims against Lewis and Jones are futile under Federal Rule of Civil Procedure 12(c) based on qualified immunity.[4]

## 2. Failure to State a Claim—Qualified Immunity

Under Rule 12(c), the Court applies "the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Accordingly, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[4] Later in this Order, the Court will consider whether the state-law claims against Lewis and Jones are likewise futile under a Rule 12(c) analysis.

9

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

In this case, Davis is proceeding pro se.  "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'"  *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)).  "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice . . . .'"  *Id.* (citing *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).[5]

Turning to the merits, Lewis and Davis base their motion on qualified immunity.  As the Fifth Circuit neatly summarized:

> [T]he doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal.  This immunity protects all but the plainly incompetent or those who knowingly violate the law.  Accordingly, we do not deny immunity unless existing precedent must have placed the statutory or constitutional question beyond debate.  The basic steps of this court's qualified-immunity inquiry are well-known:  a plaintiff seeking to defeat qualified immunity must show:  (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.

---

[5] Davis actually has more experience than the average pro se litigant as this appears to be her ninth suit in this Court alone.  Perhaps as a result, her briefs are somewhat better than the Court would normally expect, and she appears to have been able to express her arguments.

*Anderson v. Valdez*, No. 15-40836, 2016 WL 7667301, at *11 (5th Cir. Nov. 9, 2016) (citation and quotation marks omitted, punctuation altered); *see also Surratt v. McClarin*, No. 16-40486, 2017 WL 992507, at *2 (5th Cir. Mar. 14, 2017).

"[T]o hold that the defendant violated the law at step one of the qualified-immunity analysis . . . is simply to say that the plaintiff has stated a claim upon which relief may be granted." *Morgan v. Swanson*, 659 F.3d 359, 384 (5th Cir. 2011). To meet that burden, a plaintiff "must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015) (internal quotation marks and citation omitted). Significantly, "the burden is on the plaintiff to 'demonstrate the inapplicability of the defense.'" *Coleman v. Marion Cty.*, No. 2:14cv185-DPJ-FKB, 2015 WL 5098524, at *6 (S.D. Miss. Aug. 31, 2015) (quoting *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002)).

a.      Defendant Lewis

Looking to the Complaint, Lewis's name is mentioned only once—in section II, where Davis identifies the parties. She generally describes,

> Lewis at the time of the events complained of w[as] the *official policy maker* for the Hinds County Sheriff's Department and . . . share[s] a *liability* in this cause of action since by *Statute* he w[as] responsible for the day to day operations and management of the *county* . . . jail and penal farm during the time of this incidents occurrence . . . .

Compl. [1-2] at 1 (emphasis in original). Davis does not suggest that Lewis was personally involved in her arrest and subsequent detention, and never alleges that he engaged in any personal wrongdoing. Davis's response fails to provide any clarity as to Lewis, and the single,

vague assertion in her Complaint would not survive a Rule 12(c) motion based on qualified immunity.

Having considered the Complaint and Davis's subsequent memoranda, the Court concludes that she has pleaded her best case against Lewis related to any direct involvement with the arrest or detention. Because service on Lewis as to the excessive-force, illegal-search-and-seizure, cruel-and-unusual-punishment, and due-process claims would be futile, those claims are dismissed without prejudice under Rule 12(b)(5).

Davis does, however, reference a new reckless hiring/supervision claim against Lewis in her response. And while that claim was not part of the current Complaint as to Lewis, it is at least conceivable that Davis could effectively amend the Complaint if given the opportunity. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000). As discussed later, Davis will be given that opportunity, and if her motion to amend as to Lewis is granted, she will then be given an opportunity to properly perfect service and move forward with the reckless hiring/supervision claim as to him.

b. Defendant Jones

Turning then to Jones, the Complaint contains a single factual allegation involving her: On May 26, 2015, in the Raymond Detention Center fingerprinting room, Jones "caught [Davis] by the arms and dragged her vigorously to the cell in which she was removed from while piercing her nails." Compl. [1-2] at 7. Davis fails to make clear what claim this contention supports, and Jones says that Davis attempts to allege only an excessive-force claim against her. Davis makes no colorable argument to the contrary. Based on the allegations, the Court agrees that the claim against Jones is for excessive force under the due-process clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (observing that "the

Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment") (citation omitted).  All other federal claims against Jones fail to plead a plausible claim and are dismissed without prejudice under Rule 12(b)(5).[6]

As to excessive force, the Court must first determine whether Davis has stated a plausible claim upon which relief may be granted.  To avoid qualified immunity, she must allege:  "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable."  *Bush v. Strain*, 513 F.3d 492, 500–01 (5th Cir. 2008); *see also Kingsley*, 135 S. Ct. at 2470 (concluding that pretrial detainee must show use of force was "objectively unreasonable").

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used:  the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473.

Jones interprets Davis's Complaint as alleging that the only injury Jones caused was a broken fingernail.  Defs.' Mem. [10] at 11.  Accordingly, Jones contends that Davis fails to satisfy the first element of an excessive-force claim—that Davis "suffered an injury as a result of Jones' conduct."  *Id.* at 10.  This construction of the Complaint is understandable given Davis's vague description, but in her response, Davis clarifies the claim explaining that Jones "pierced her nails in [Davis's] arms."  Pl.'s Mem. [15] at 15.

---

[6] Specifically, the cruel-and-unusual-punishment claim would fail as a matter of law because the Eighth Amendment only prohibits the infliction of cruel and unusual punishments on *convicted* criminals.  *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016).  Davis, a detainee, was not convicted prior to the incident alleged.

Even with this clarification, Jones argues that because Davis offers nothing more than a *de minimis* injury, Jones's force was *de minimis*.[7]  Defs.' Mem. [10] at 11.  The Fifth Circuit recently summarized the appropriate test for a constitutionally sufficient injury in *Alexander v. City of Round Rock*, observing as follows:

> "[A]lthough a *de minimis* injury is not cognizable, the extent of injury necessary to satisfy the injury requirement is 'directly related to the amount of force that is constitutionally permissible under the circumstances.'"  *Brown v. Lynch*, 524 F. App'x. 69, 79 (5th Cir. 2013) (quoting *Ikerd v. Blair*, 101 F.3d 430, 434–35 (5th Cir. 1996)).  "Any force found to be objectively unreasonable necessarily exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only."  *Id.* (emphasis added) (footnote omitted). Consequently, "only one inquiry is required to determine whether an officer used excessive force in violation of the Fourth Amendment."  *Ikerd*, 101 F.3d at 434 n.9.  In short, "as long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force."  *Brown*, 524 F. App'x. at 79 (footnotes omitted) (quoting *Ikerd*, 101 F.3d at 434).

No. 16-50839, 2017 WL 1393702, at *7 (5th Cir. Apr. 18, 2017).

Based on this standard, the Court agrees with Jones that Davis has not sufficiently pleaded a constitutional violation.  Davis's sole contention in her Complaint is that Jones "dragged" her to a cell, digging her nails into her arm.  She alleges no actual injury as a result, and there is nothing suggesting that the force was unreasonably excessive.

But even assuming Jones violated a constitutional right, that right was not clearly established at the time of the detention.  In fact, other courts have rejected similar claims.  *See Marshall v. Milyard*, 415 F. App'x 850, 852 (10th Cir. 2011) (affirming dismissal of excessive-force claim where defendant grabbed prisoner's arm, digging fingernails into it); *see also Wilson v. Buster*, 433 F. App'x 238, 239–40 (5th Cir. 2011) (per curiam) (affirming dismissal where

---

[7]  In the Eighth Amendment context, the United States Supreme Court has held that *de minimis* force and *de minimis* injury are "only imperfectly correlated."  *Wilkins v. Gaddy*, 559 U.S. 34, 38–39 (2010).

officer "pulled [prisoner's] arm, which was in a sling from a shoulder injury, through his cell bars"). Jones is entitled to qualified immunity on the excessive-force claim. *See Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 383 n.1 (5th Cir. 2009) ("Excessive force incidents are highly fact-specific and without cases squarely on point, officers receive the protection of qualified immunity.").

Accordingly, Jones would be entitled to qualified immunity as to the sole federal claim brought against her. Moreover, the Complaint and Davis's other submissions indicate that she has pleaded her best federal case against this Defendant on this claim. The federal claims against Jones are dismissed without prejudice under Rule 12(b)(5).[8] But as discussed later, Davis will be given an opportunity to move to amend her Complaint as to her newly asserted claim against Jones.

C.      Motion for Judgment on the Pleadings: State-Law Claims

Hinds County seeks dismissal of all state-law claims asserted against it under Rule 12(c) based on the Mississippi Tort Claims Act (MTCA). Defendants Lewis and Jones also attack the state-law claims under the MTCA, but the question for them is whether proper service would be futile.

All tort claims against Hinds County or its employees must be brought pursuant to the MTCA. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 444 (5th Cir. 2015). Generally, Hinds County is immune from suit. Miss. Code Ann. § 11-46-3. But that immunity is waived

---

[8] In her response, Davis asserts for the first time that it was Jones, not an unknown female guard, who attempted to force her to walk on her legs, even though she could not. Pl.'s Resp. [15] at 41. But this allegation was not pleaded in the Complaint and contradicts Davis's other Response [11] in which she again says she did not know the guard who forced her to walk. *See* Pl.'s Resp. [11] at 15. In contrast, Davis claims a prior history with Jones. The Court will not address this new and unsupported allegation.

for the torts of Hinds County and its employees acting within the course and scope of their employment. *Id.* § 11-46-5(1). Importantly here, that waiver is subject to many exceptions. And generally, "no employee shall be held personally liable for acts or omissions occurring within the course and scope of [their] duties." *Id.* § 11-46-7.

Here again, the Complaint is unclear as to what state-law claims Davis asserts against which Defendants. Defendants' briefing assumes that all state-law claims are asserted equally as to them, so the Court does the same. But the Court cannot agree with Defendants' argument that all of Davis's claims—other than false arrest—"accrued once she was an 'inmate.'" Defs.' Reply [14] at 4. In her Complaint, Davis says that the arresting officers used excessive force against her. *See* Compl. [1-2] ¶¶ 4, 8. And she made that same point in her Response [11], asking the Court to "note that the incident involving the Defendants Sergeant and Deputy Sheriff(s) use of intentional excessive force [regarding the handcuffs and alleged attack at the house] . . . occurred and/or took place prior to the excessive force incident by the Jail Guards." Pl.'s Resp. [11] at 15. Accordingly, the various claims must be considered as they relate to these two events. For clarity, this Order will address those events separately, after considering the more global argument that neither Lewis nor Jones may be held individually liable under the MTCA.

### 1. Lewis's and Jones's Personal Liability

Davis fails to establish a basis for individual liability as to Lewis or Jones. To begin with, the Complaint never alleges any specific facts regarding Lewis, so the individual-capacity claims against him would be futile. And as to both Lewis and Jones, government employees are immune from liability for acts taken in the course and scope of employment. Miss. Code Ann. § 11-46-7. Here, Davis concedes that all Hinds County employees—including Lewis and

Jones—were acting within the course and scope of their employment during the events at issue. Pl.'s Resp. [15] at 21 ("[A]t all times relevant to t[hese] incidents . . . Tyrone Lewis, Deputy Sheriff(s) and Jail Guard(s) were performing their dut[ies] in uniform and existed as employees of the Hinds County Sheriff's Department on May 26, 2015."); *see also id.* at 2, 4, 11, 20. Thus, Lewis and Jones may not be held personally liable for any of Davis's state-law claims. Miss. Code Ann. § 11-46-7. Allowing an opportunity to cure service of process would therefore be futile, and the individual-capacity state-law claims are dismissed without prejudice.

2. Claims Related to Raymond Detention Center

In addition to the bar against individual liability under section 11-46-7, the moving Defendants all argue that any state-law claims related to the Raymond Detention Center are barred by the MTCA's "Inmate Exception." Under this exception, "[a] governmental entity and its employees acting within the course and scope of their employment . . . shall not be liable for any claim . . . [o]f any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution." *Id.* § 11-46-9(1)(m).

Davis tries to avoid this exception by saying that (1) she was a pre-trial detainee, not an "inmate"; and (2) she was falsely arrested. Pl.'s Resp. [11] at 16–17. But neither argument carries weight. As Defendants rightly argue, the Inmate Exception applies to pre-trial detainees. *See Love v. Sunflower Cty. Sheriff's Dep't*, 860 So. 2d 797, 801 (Miss. 2003); *Liggans v. Coahoma Co. Sheriff's Dept.*, 823 So. 2d 1152, 1155 (Miss. 2002). It likewise applies to unlawful arrests. *See Tillman v. Miss. Dep't of Corr.*, 95 So. 3d 716, 718–19 (Miss. Ct. App. 2012). Accordingly, the state-law claims related to the events at the detention center are due to be dismissed—with prejudice—as to Hinds County.[9]

---

[9] The individual-capacity claims against Lewis and Jones would fail for this additional reason.

3.       Claims Related to Arrest

While the state-law claims related to the events at the detention center are barred as to all moving Defendants, Davis also asserts state-law claims unrelated to the detention, including excessive force, false arrest, false imprisonment, abuse of process, and malicious prosecution. *See* Compl. [1-2] ¶ 8; Pl.'s Resp. [11] at 8.  Again, Lewis and Jones cannot be individually liable, and in any event, there are no allegations in the Complaint linking either Lewis or Jones to any events outside the detention center.  Any individual-capacity claims against Lewis or Jones related to the arrest are dismissed without prejudice under Rule 12(b)(5).

As for Hinds County, the MTCA would allow liability if the arresting officers committed torts while acting within the course and scope of their employment.  *See* Miss. Code Ann. § 11-46-5(1) (waiving immunity for political subdivisions related to torts by employees acting within course and scope of employment).  Recognizing this statutory waiver, Hinds County contends that (1) the false-arrest claim is barred by the MTCA's Police-Function Exception, and (2) the abuse-of-process and malicious-prosecution claims are not subject to the MTCA's immunity waiver.

Starting with the Police-Function Exception, a governmental entity like Hinds County is immune from any claim arising from its "engage[ment] in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." *Id.* § 11-46-9(1)(c).  So Hinds County is immune from liability unless (1) Davis was not engaged in criminal activity during the incident in question, *and* (2) a Hinds County employee acted "in reckless disregard." *Id.*

Defendants assume for the purposes of their argument that Davis was not engaged in criminal activity and instead focus on the lack of "reckless disregard" regarding the arrest. Davis's response is not entirely clear, but she states that she was not engaged in criminal acts when she was arrested. *See* Pl.'s Resp. [11] at 11. She also says that based on the totality of the circumstances, the officers acted with reckless disregard by arresting her without cause. *Id.* at 17.

At this point, the Court would agree with Hinds County that Davis has not pleaded sufficient facts to suggest a plausible claim that the officers acted with reckless disregard when they arrested her—Davis's conclusory allegations notwithstanding. Indeed it is not even clear who actually arrested Davis, at what point he or she did so, and on what basis. And according to the Complaint, there does appear to have been some confrontation with the officers who, according to Davis, were called by her own mother and upon arrival told Davis that "if [she] ha[d] nowhere to go th[e]n she was going to jail." Compl. [1-2] at 6. The simple fact that charges were later dropped does not indicate reckless disregard on the part of Defendants. *See Cunningham ex rel. Cunningham v. City of W. Point Miss.*, 380 F. App'x 419, 423 (5th Cir. 2010). In sum, Davis pleads an insufficient factual basis to find a plausible claim of reckless disregard in causing her arrest. The false-arrest claim is dismissed as to Hinds County without prejudice to potential amendment.[10]

---

[10] Defendants' opening brief limits the Police-Function Exception to the false-arrest claim. *See* Defs.' Mem. [9] at 8. And as noted earlier, Defendants say in their Reply that false arrest is the only MTCA claim related to the events at Davis's mother's house. Defs.' Reply [14] at 4. But later in their Reply, Defendants make passing reference to excessive force, arguing that it too falls under the Police-Function Exception. *Id.* at 6. The Court concludes that this argument was neither raised in the first brief nor sufficiently argued in Reply. Similarly, Defendants do not seem to address false imprisonment related to the arrest—assuming Davis intended such a claim. Regardless, Davis offers factual allegations to support the otherwise conclusory averment that the officers acted with "reckless disregard." Particularly, she claims that she was "physically

19

Finally, Hinds County argues that it is immune from claims of malicious prosecution and abuse of process. Section 11-46-5(2) of the Mississippi Code states,

> [A]n employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

In Mississippi, an abuse-of-process claim requires proof of an "illegal use of a legal process." *Ayles ex rel. Allen v. Allen*, 907 So. 2d 300, 303 (Miss. 2005). Malicious-prosecution claims include as an element "malice in instituting the proceedings." *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 973 (Miss. 2001). Because these claims have elements touching on malice or illegality, Hinds County argues—without supporting authority—that both claims are excluded from the MTCA's immunity waiver. Defs.' Mem. [8] at 9.

This argument runs into a few bumps as to abuse of process. First, it is not apparent that the statute's "criminal offense" language is synonymous with "illegal use of process." Illegal use of process may not necessarily be criminal. And for her part, Davis says the claim is not based on illegal conduct. *See* Pl.'s Resp. [11] at 12. In the end, this particular claim is in a posture similar to the one Judge Keith Starrett faced in *Pardue v. Jackson County, Mississippi*, where he held, "The parties have insufficiently briefed this issue, and Plaintiff has not clearly stated what actions constitute the abuse of process. Therefore, the Court does not presently have sufficient basis for a ruling on the application of MTCA immunity to Plaintiff's abuse of process claim." No. 1:14-CV-290-KS-MTP, 2016 WL 3024153, at *8 (S.D. Miss. May 25, 2016). The

---

attacked" over sharp metal objects, could not walk thereafter, and sought medical attention. *See* Compl. [1-2] at 3, 4, 7, 8. At the Rule 12(c) stage, the "standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d at 587 (citing *Twombly*, 550 U.S. at 556). Davis minimally meets this standard as to the excessive-force claim related to the arrest.

Court will take the same approach here and deny the motion regarding abuse of process without prejudice to Defendants' right to revisit it.

The malicious-prosecution claim is different. Numerous courts have held that malicious prosecution necessarily requires conduct that constitutes malice and therefore falls outside the course and scope of employment. *See, e.g.*, *Hagan v. Jackson, Miss.*, No. 1:13cv268-HSO-RHW, 2014 WL 4914801, at *12 (S.D. Miss. Sept. 30, 2014) (citing *Weible v. Univ. of S. Miss.*, 89 So. 3d 51, 64 (Miss. Ct. App. 2011) ("[T]orts which require proof of malice as an essential element are excluded from the MTCA" under section 11-46-5(2)). This Court agrees, and the malicious-prosecution claim against Hinds County is dismissed with prejudice.

D.    New Claims in Response

In their reply, Defendants identify two claims that Davis raises for the first time in her response: (1) First Amendment claim against Lewis, Jones, and Hinds County and (2) a failure-to-train/supervise claim against Lewis in his individual capacity. To be sure, these claims are nowhere to be found in the Complaint. But the Court should not ignore them. *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (holding that new allegation asserted in response to dismissal motion should have been treated as a motion to amend); *King v. Life Sch.*, 809 F. Supp. 2d 572, 581 (N.D. Tex. 2011) ("When a pro se plaintiff raises a new claim for the first time in response to a motion to dismiss, the district court should construe the new claim as a motion to amend the complaint . . . .").

Even construed as a motion to amend, Davis's response does not provide adequate factual support for her new claims and asserts them only in a vague, conclusory manner. Nor does her response comply with Local Rule 7(b)(2), which requires the proposed amended pleading be attached to the motion. Given Davis's pro se status, however, the Court is not yet willing to say

she has pleaded her best case or that these claims are otherwise futile. Therefore, Davis has 14 days to file a motion for leave to amend her Complaint as to these two newly-asserted claims against Lewis and Jones individually and Hinds County based on the First Amendment and failure-to-train/supervise. She may also seek leave to amend as to the false-arrest claim against Hinds County. She may not include any other new claims.

If Davis chooses to make such a filing, her proposed amended complaint must be attached. She is warned that this Court need not grant leave to file a futile amended complaint. Finally, should Davis receive leave to amend her Complaint as to Lewis and Jones, she will at that time be given an opportunity to attempt service of process.

E.       Remaining Unserved Defendants

The Court dismisses the claims against Lewis and Jones in their individual capacities, but individual Defendants Chris Maddox and Bobby Melson still remain. It does not appear, however, that Davis ever served Maddox or Melson. As noted above, the state-court record is insufficient to determine adequate service of process. Further, Hinds County disputes whether Maddox and Melson were Hinds County Officers at the time of these incidents, and Davis has served only Claire Barker, in-house counsel for Hinds County Sheriff's Office. Defs.' Reply [18] at 1 n.1.

As noted, "Rule 4(m) permits a district court to dismiss a case without prejudice if the plaintiff fails to serve the defendant within 120 days of filing the complaint." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008); *see, e.g.*, *Bernard Delcarpio No. 119047 v. Cain*, No. 13-273-SDD-RLB, 2015 WL 461544, at *1 (M.D. La. Feb. 3, 2015); *Chestang v. Alcorn State Univ.*, No. 5:10-CV-67-DCB-JMR, 2011 WL 6152287, at *2 (S.D. Miss. Dec. 12, 2011). Accordingly, Davis is given 14 days from the date of this Order to show cause as to why

Maddox and Melson should not be dismissed for failure to timely effect service under Rule 4(m). She is warned that failure to do so will result in an order of dismissal as to them without further notice.

IV.    Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed do not change the outcome. Davis's motion to strike [4] is denied; Defendants' motions for judgment on the pleadings as to state-law claims [7] is granted in part; and Defendants' motion for judgment on the pleadings as to federal claims [9] is granted.

In summary, the federal-law claims *pleaded* in the Complaint are dismissed as to Lewis and Jones in their individual capacities without prejudice under 12(b)(5). The state-law claims asserted against Lewis and Jones in their individual capacities are likewise dismissed without prejudice for lack of service. As to Hinds County, the state-law claims related to the events at the detention center are dismissed with prejudice. As to the arrest-related claims, the false-arrest claim is dismissed without prejudice to potential amendment; the malicious-prosecution claim is dismissed with prejudice; but the motion is denied as to excessive force, false imprisonment, and abuse of process.

Davis is given limited leave to file a motion to amend her Complaint within 14 days of this Order. Such a motion would be limited to federal claims against Lewis and Jones in their individual capacities under the First Amendment and against Lewis for alleged reckless hiring/supervision. As to Hinds County, Davis may seek leave to amend to bring a federal First Amendment claim, and a state-law false-arrest claim. Within this same 14-day window, Davis must show cause why Maddox and Melson should not be dismissed.

Given this ruling, the stay currently in place is hereby lifted. Within ten days of the date of this Order, the parties should contact Magistrate Judge F. Keith Ball's chambers to determine a case-management-conference date.

**SO ORDERED AND ADJUDGED** this the 23rd day of May, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE