**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CHAKAKHAN R. DAVIS**                                                                                 **PLAINTIFF**

**vs.**                                                      **CIVIL ACTION NO. 3:16-cv-674-DPJ-FKB**

**HINDS COUNTY, MISSISSIPPI**                                                       **DEFENDANTS**

Before the Court are four motions: Hinds County's Motion to Strike Expert Designation [45], and Davis's Motion for Extension of Time to Complete Discovery [52], Motion for Extension of Time [55], and Motion to Modify or Amend the Case Management Order [68]. For the reasons described herein, the Court grants motions [45] and [68], and finds as moot motions [52] and [55].

The Court held an in-court hearing on these matters on December 19, 2017. The Court has also reviewed Plaintiff's expert witness designation filed on August 1, 2017, *see* [42], and both parties' briefing on the instant motions. Having done so, the Court finds that Plaintiff's expert witness designation fails to include the information required by Fed. R. Civ. P. 26(a)(2). Specifically, Plaintiff's designations of Marvin Lucas and Vanita Gupta are deficient for failure to produce a written report, prepared and signed by the witness, which includes the information required by Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). In her designations, Plaintiff refers to the remaining witnesses as "medical experts," but it is unclear to the undersigned whether each and every one of the witnesses actually treated Plaintiff. Regardless, Plaintiff's designation of the "medical experts" is deficient for failure to provide the "subject matter on which each witness is expected to present exert testimony at trial" and "a summary of the facts and opinions to which [each] witness is expected to testify." Fed. R. Civ. P. 26(a0(2)(C)(i) and (ii). Further, as to any of these "medical experts," who have not actually treated Plaintiff related to claims in this case, Plaintiff's

designations are also deficient for failure to produce the written report required by Fed. R. Civ. P. 26(a)(2)(B). Accordingly, Hinds County's Motion to Strike Expert Designations [45] is hereby granted.

However, the Court also finds that Plaintiff's expert designation deadline should also be extended and that she should be given an opportunity to designate experts in compliance with the rules. Federal Rule of Civil Procedure 16(b)(4) states, "A schedule may be modified only for good cause and with the judge's consent." The Fifth Circuit has held that a district court is to consider four factors in determining whether good cause exists to amend a scheduling order and extend an expert designation deadline. The four factors are: "(1) the explanation for the failure to submit a complete report on time; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

The Court finds that Davis's explanation at the December 19, 2017, hearing that any deficiency in her expert designation was the result of her proceeding *pro se* has merit. The Court finds that the potential testimony of Davis's expert witnesses may be important. It further finds that an extension of the discovery period would not prejudice Hinds County, and that a continuance is available to allow the parties to complete discovery once Davis has had another opportunity to designate her experts.

Therefore, Davis's Motion to Modify or Amend the Case Management Order [68] is also hereby granted. Because the Court grants motion [68] amending the case management order, Plaintiff's other requests for discovery extensions, [52] and [55], are moot. The Court amends the dates contained in the Case Management Order as follows:

This action is set for a jury trial during a two-week term of court beginning on December 3, 2018, at 9:00 AM in Jackson, Mississippi, before United States District Judge Daniel P. Jordan, III. (Any conflicts with this trial date must be submitted in writing to the trial judge immediately upon receipt of this Order). The pretrial conference is set on November 9, 2018, at 9:00 AM in Jackson, Mississippi, before United States District Judge Daniel P. Jordan, III. Plaintiff's experts must be designated by March 20, 2018. Defendant's experts must be designated by April 19, 2018. All discovery must be completed by June 19, 2018. All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by July 3, 2018. The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

SO ORDERED, this the 17th of January, 2018.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE