UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAKAKHAN R. DAVIS                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:16-CV-674-DPJ-FKB

HINDS COUNTY, MISSISSIPPI,
AND TYRONE LEWIS                                                     DEFENDANTS

ORDER

Plaintiff Chakakhan R. Davis seeks relief from this Court's November 29, 2017 Order [58] granting in part and denying in part her Motion to Amend Complaint [30]. Because Davis still fails to demonstrate that the claims she wishes to pursue are plausible, the Court denies her Motion for Prospective Relief and Reconsideration [63].

I.      Background

Davis says Defendants mistreated her during an arrest and subsequent incarceration because she had previously filed a grievance with the Hinds County Sherriff's Department. For purposes of this motion, the relevant history relates to Davis's proposed false-arrest and First Amendment retaliation claims against Defendants Hinds County, Mississippi; former Sherriff Tyrone Lewis; and Officer Brenda Jones (the "Moving Defendants").

Davis initiated this case by filing a pro se complaint in state court asserting various state and federal claims, including a claim for false arrest. She did not, however, mention First Amendment retaliation as the basis for any claim. After removal from state court, the Moving Defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(c). *See* Defs.' Mots. [7, 9]. Lewis and Jones sought dismissal of all state- and federal-law claims against them, while Hinds County sought dismissal of the state-law claims against it. Davis responded [11], asserting a new claim against the Moving Defendants based on First Amendment retaliation.

On May 23, 2017, the Court ruled on Moving Defendants' motions, finding first that Davis never served Lewis or Jones. *See* May 23, 2017 Order [28]. Because of that, the Court lacked jurisdiction to rule on the merits of their Rule 12(c) motions. The Court did, however, consider the merits to determine whether allowing Davis an opportunity to cure defective service would be futile. *Id.* at 5–7 (citing *Gregory v. United States*, 942 F.2d 1498, 1500–01 (10th Cir. 1991)). The Court stated that any futile claims would be dismissed without prejudice under Rule 12(b)(5) for lack of proper service. *Id.*[1]

After considering the parties' arguments, the Court held that the federal claims, and most of the state-law claims, Davis *pleaded* against Lewis and Jones were futile and should be dismissed without prejudice—including the false-arrest claims. May 23, 2017 Order [28] at 18. But based on Davis's pro se status, the Court allowed her to seek leave to amend her Complaint in two relevant ways: (1) to better articulate the newly proposed First Amendment retaliation claims against the Moving Defendants; and (2) to re-plead her false-arrest claim against Hinds County. *Id.* at 22.

Davis accepted the Court's invitation to seek leave to amend, but she submitted a proposed Amended Complaint [30-1] that was almost identical to her original Complaint. So on November 29, 2017, the Court denied leave to amend except as to one unrelated claim against Lewis. Nov. 29, 2017 Order [58] at 9.

Davis now seeks an order vacating the Court's November 29, 2017 Order to the extent the Court prevented her from amending her complaint as to First Amendment retaliation and false arrest. *See* Pl.'s Mot. [63] at 25. For the following reasons, the Court denies her motion.

---

[1] Contrary to Davis's current assertion, the Court did not exceed its jurisdiction by dismissing these claims on the merits under Rule 12(c). *See* Pl.'s Mot. [63] at 25–26.

II.   Standards

Davis seeks reconsideration under Federal Rule of Civil Procedure 60(b)(4). But because the Order granted only partial dismissal, it was interlocutory, and the Court must consider Davis's request for reconsideration under Federal Rule of Civil Procedure 54(b). *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). That rule states that interlocutory orders "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "'Interlocutory orders,' such as grants of partial [dismissal] . . . are left within the plenary power of the court that rendered them to afford such relief from them as justice requires.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)). Whether to grant such relief is a matter left to the trial court's discretion. *Id.*; *see* Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment (stating that "interlocutory judgments are not brought within the restrictions of [Rule 60], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires").

III.   Analysis

Davis presents a 32-page memorandum explaining why she should be allowed to pursue the First Amendment and false-arrest claims. The First Amendment claim obviously falls under 42 U.S.C. § 1983, but the false-arrest claim is less clear. When discussing her false-arrest claim, Davis at times references theories that would apply in the § 1983 context, *see* Pl.'s Mot. [63] at 16−17, but her most direct statement asserts that the Court should not have dismissed her "State Law false arrest claim," s*ee id.* at 17. Either way, reconsideration is denied.

While Davis's brief offers lengthy and often redundant discussions regarding the law, it fails to demonstrate that she can factually plead plausible claims—something her first and

second complaints and previous memoranda also failed to do. The Court has already considered all relevant evidence that Davis mentions in her most recent motion, and its last two orders addressed those issues in full. *See* May 23, 2017 Order [28]; Nov. 29, 2017 Order [58]. There is no need to go through all that again; the Court adopts its earlier analysis and that found in Hinds County's response. *See* Def.'s Resp. [71].

That said, there are seven issues in Davis's motion that the Court will briefly address; none of the other issues raised would make a difference.

First, Davis continues to conflate her excessive-force claim with her proposed First Amendment retaliation claim. *See, e.g.*, Pl.'s Mot. [63] at 11. Evidence that excessive force may have occurred is not sufficient to establish the elements of a First Amendment retaliation claim, much less municipal liability. *See* Nov. 29, 2017 Order [58] at 6 n.2.

Second, some arguments seem to assume that the Court has dismissed claims other than those raised in the Moving Defendants' motions. For example, Davis seems to think the Court dismissed her § 1983 claims against Hinds County (other than the First Amendment claim), but Hinds County filed no such motion, so there is no order addressing those claims. Davis also seems to think that the Court dismissed her false-arrest claims on the merits as to Defendants other than Lewis and Jones. *See* Pl.'s Mot. [63] at 18. But Lewis and Jones are the only individual defendants who sought dismissal.[2]

Third, Davis suggests that the Court erred in finding she had not pleaded a plausible claim against Defendant Lewis for failure to train or supervise related to the use of excessive force by guards at the jail. *See, e.g.*, Pl.'s Mot. [63] at 15. But the Court previously held "that

---

[2] The Court did dismiss Defendants Bobby Melson and Chris Maddox, but it is not clear they were involved in the arrest, and, in any event, the Court dismissed them under Rule 4(m). *See* June 19, 2017 Order [36].

4

Davis *has* pleaded a plausible claim against Lewis for failure to train or supervise the detention center staff." Nov. 29, 2017 Order [58] at 8 (emphasis added). That claim remains.

Fourth, Davis asserts that "newly discovered evidence" requires reconsideration. More precisely, she claims that a law-enforcement officer *from another jurisdiction* had a "secret crush . . . [and] would not even ask to see my driver's license during a road block." Pl.'s Mot. [63] at 22. Davis says that from these facts, "retaliation by the County and Sheriff Lewis can plausibly be inferred." *Id.* Assuming this evidence is truly "new"—which is not apparent—it is speculative as to the Moving Defendants and fails to demonstrate a plausible First Amendment claim against them.

Fifth, Davis says the Moving Defendants committed fraud on the Court. *Id.* at 24. But taking a contrary legal position is not fraud.

Sixth, Davis says that a state-court judge dismissed the charges against her "because there was not probable cause for Ms. Davis[']s arrest and detention." *Id.* at 18. She also says the arrest was retaliatory. *Id.* at 19. But she does not appear to address the bar to state-law liability under Mississippi Code section 11-46-9(1)(c). And as for retaliation, there is nothing beyond conjecture linking the arrest to Davis's prior grievance—much less the Moving Defendants. Davis has had multiple opportunities to explain the claims related to the arrest. Those that survived Hinds County's motion to dismiss will go forward, but the others remain dismissed.

Finally, Davis argues "that this *court* should vacate its *order* denying recusal entered on September 25th 2017." Pl.'s Mot. [63] at 27 (emphasis in original). Davis seems to say recusal is required because the Court rejected her legal arguments. *Id.* at 28. To begin with, the Court entered no orders on September 25, 2017, and there have been no motions seeking recusal. To the extent Davis now seeks recusal, adverse rulings are not—by themselves—grounds for

5

recusal. *See Ex parte Am. Steel Barrel Co.*, 230 U.S. 35, 44 (1913) (observing that recusal was "never intended to enable a discontented litigant to oust a judge because of adverse rulings made").

IV. Conclusion

The Court denies Davis's Motion for Prospective Relief and Reconsideration [63].

**SO ORDERED AND ADJUDGED** this the 23rd day of February, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE