**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

CHAKAKHAN R. DAVIS                                                     PLAINTIFF

vs.                                           CIVIL ACTION NO. 3:16-cv-674-DPJ-FKB

HINDS COUNTY, MISSISSIPPI                                      DEFENDANTS

**ORDER**

Before the Court are five motions: Plaintiff Chakakhan R. Davis's Motion for Leave to File Additional Discovery Requests [79], Davis's Motion for Sanctions [92], Defendant Hinds County's Motion for Extension of Time to Respond to Davis's Motion for Sanctions [98], Davis's Motion for Sanctions against Defense Counsel [100], and Davis's Motion to Compel the Medical Expert Report of Dr. Ray Melton [109].

Davis, proceeding *pro se*, has filed suit against Hinds County. She asserts various claims under state and federal law in relation to her May 26, 2015, arrest and subsequent detention at the Hinds County Detention Facility.

**I. Davis's Motion for Leave to File Additional Discovery Requests [79]**

Davis requests that the Court permit her to serve nine interrogatories in excess of the twenty-five permitted by the Case Management Order [39].[1] *See* [79] at 2. She previously served these nine requests on Hinds County, who objected based on the twenty-five interrogatory limit. *See* [90-2]. The nine interrogatories Davis seeks permission to propound would bring her total number of interrogatories to thirty-four. *See* [90-1]; [90-2]. Davis contends that the additional discovery is needed:

---

[1] Davis also makes reference to serving one additional request for production of documents. [79]. However, Defendant does not contend that she has already served twenty-five requests for production of documents. *See* [90]. Accordingly, it does not seem that the single additional request for production of documents that Davis seeks to propound would be in excess of the twenty-five permitted by the Case Management Order.

> because of the deficiencies present in the Hinds County Sheriff's Departments Internal Affairs Deputy Sheriffs Body Cam Wearing and preservation of excessive force video evidence policy (ies) or practical safe guards to prevent the loss, tampering or destruction of such police or officers misuse of excessive force or other similar recorded brutality incident (s).

[79] at 2.

Fed. R. Civ. P. 33(a)(1) limits the number of interrogatories one party may serve on another to twenty-five. "[T]he party seeking leave to serve excess interrogatories must make a 'particularized showing' to exceed the twenty-five interrogatory limit." *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans (HANO)*, No. CV 15-1533, 2017 WL 1426933, at *3 (E.D. La. Apr. 21, 2017). "Pro se litigants are not relieved of their obligation to follow the rules governing discovery, but . . . the 'particularized showing' to obtain leave to serve additional interrogatories cannot be divorced from [a p]laintiff's pro se status." *McNeil v. Hayes*, No. 1:10-CV-01746-AWI, 2014 WL 1125014, at *2 (E.D. Cal. Mar. 20, 2014).

Davis's claims relate in part to her arrest by Hinds County Sheriff's Deputies. The interrogatories she seeks to propound on Hinds County pertain to the county's use of police body cameras during the course of arrests. *See* [90-2] at 5-10. Accordingly, the Court finds that she should be given leave to serve the additional nine interrogatories listed as Interrogatory Nos. 6-14 in her Second Set of Interrogatories. *See* [90-2] at 5-11. Davis's motion [79] is granted to the extent it requests permission to propound those specific nine interrogatories to Hinds County.[2] The motion is denied to the extent it requests any other relief.

Because Davis has already served the interrogatories in question, the Court orders Hinds County to provide supplemental responses to Interrogatories Nos. 6-14. The Court sets a deadline of July 12, 2018, for Hinds County to provide the supplemental responses to Davis.

---

[2] Hinds County is still permitted to object to the interrogatories on any grounds that may apply, except for the twenty-five interrogatory limit set by Fed. R. Civ. P. 33 and by the Case Management Order.

**II. Hinds County's Motion for an Extension of Time to Respond [98] to Davis's Motion for Sanctions against Hinds County for Failure to Retain Body Camera Footage [92]**

Davis filed a motion for sanctions against Hinds County [92] on February 20, 2018. She filed that motion conventionally with the Clerk of Court, despite her certificate of service stating that it was electronically filed through the Court's CM/ECF system. *See* 92 at 17 (certificate of service stating motion was electronically filed, but handwritten note stating motion left with a Deputy Clerk).

On March 5, 2018, Hinds County requested a one-week extension to file its response to Davis's motion. Hinds County claims it did not receive an exhibit to the motion, specifically an audio CD, until one week after Davis filed her motion. In her response, Davis concedes that she did not serve Hinds County with a copy of the exhibit along with her motion. Hinds County only received a copy of exhibit after obtaining it from the Clerk of Court on February 27, 2018.

Rule 5 of the Federal Rules of Civil Procedure requires a party to serve a copy of any written motion, except one that may be heard ex parte, on every other party to the case. *See* Fed. R. Civ. P. 5(a)(1). Because Davis never served a complete copy of the motion on Hinds County, she failed to comply with Rule 5. Under the circumstances, the Court finds Hinds County's motion for an extension of time to respond [98] should be granted. Hinds County's response, filed March 14, 2018, is deemed timely and will be considered.

**III. Davis's Motion for Sanctions against Hinds County for Failure to Retain Body Camera Footage [92]**

Davis contends that Hinds County should be sanctioned for failing to preserve body camera footage of her arrest. *See* [92]. She contends that the arresting officer "made statements towards [her] that there was no need for her to record the incident because his body camera were [sic]

conducting the same." [92] at 7. She attaches as an exhibit to her motion an audio CD containing what she claims are recordings from her cell phone of the arrest. [92-1]. The CD contains approximately a half hour of audio recordings divided into nine tracks. *Id.* Track two of the recording includes a conversation between a man and a woman, purportedly Sheriff's Deputy Bobby Nichols and Davis. *Id.*; *see* [92] at 7-8 (referring to the officer as Sergeant Bobby Melson); [104] at 3-4 (explaining that it was likely Bobby Nichols, as no one named Bobby Melson was employed by the Hinds County Sheriff's Office). In the recording, the man tells the woman, "I got it right here, right here. You trying to record everything? You don't need it, I got it right here. See what I'm saying? I'm recording." *Id.* at Track 2, time stamp 1:20.

Additionally, Davis attaches as an exhibit a document which is purportedly a Hinds County Sheriff's Office General Order. [92-2]. The document states that "[i]t shall be the policy of the Sheriff's Office that officers who are assigned BWCs (body worn cameras) shall activate the BWC when such use is appropriate to the proper performance of his/her official duties, where the recordings are consistent with this policy and law." [92-2] at 1. Hinds County does not confirm or deny the accuracy of the exhibit, though it contains a Bates Stamp, suggesting it was provided to Davis in discovery. *See* [104].

In response to one of Davis's interrogatories, Hinds County responded "[t]here were no body cameras worn by any of the County officers on May 26, 2015, or during the course of Plaintiff's May 2015 incarceration." [104-2] at 14. However, in response to her motion, Hinds County states that two of the County officers present at the scene of her arrest, Bobby Nichols and Corey Carr, were assigned body cameras. [104] at 4-5; [104-3] at 1. Hinds County offers no explanation for this discrepancy.

Hinds County provides an affidavit from Hinds County Sheriff's Department IT Officer Warren Finch. [104-3]. Officer Finch testified that the Hinds County Sheriff's Department's server does not contain any footage of Davis's May 26, 2015, arrest. *Id.* at 2. He further testified that he is the only person who would have the ability to delete any officer's body camera footage, and that he did not do so with regard to any footage of Davis's arrest. *Id.*

Fed. R. Civ. P. 37(e) provides for sanctions in the event a party fails to preserve electronically stored information. The rule states:

> (e) Failure to Preserve Electronically Stored Information. If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>> (A) presume that the lost information was unfavorable to the party;
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37.

"A Court must determine that four predicate elements are met under Rule 37(e) before turning to the sub-elements of (e)(1) and (e)(2): (a) the existence of ESI of a type that should have been preserved; (b) ESI is lost; (c) the loss results from a party's failure to take reasonable steps to preserve it; and (d) it cannot be restored or replaced through additional discovery." *Richard v. Inland Dredging Co., LLC*, No. 6:15-0654, 2016 WL 5477750, at *3 (W.D. La. Sept. 29, 2016)(citing *Konica Minolta Business Solutions, USA v. Lowery Corporation*, 2016 WL 4537847, *2 (E.D. Mich. 2016)).

The information before the Court is insufficient to find that these four predicate elements exist. Specifically, the information before the Court is insufficient to determine whether the ESI in question actually existed, or, if so, whether it was lost, and whether such loss was the result of Hinds County's failure to take reasonable steps to preserve it. The Court cannot, therefore, grant Davis's motion for sanctions pursuant to Fed. R. Civ. P. 37(e) based on the information currently before it. However, the evidence Davis has presented is sufficient to require more information on this issue than Hinds County has presented.

Accordingly, the Court sets this motion for a hearing on July 17, 2018 at 1:30 p.m. in Courtroom 5D of the Thad Cochran United States Courthouse in Jackson, Mississippi. Hinds County shall ensure that the following individuals are present at the hearing:

(1) Sheriff's Deputy Bobby Nichols;

(2) Sheriff's Deputy Corey Carr; and

(3) Sheriff's Department IT Officer Warren Finch.

In the event that Hinds County cannot secure the attendance of any of these individuals at the hearing, Hinds County must provide to the Court no later than July 3, 2018, a sworn statement attesting to all efforts made to secure the individual(s)' presence at the hearing and why the appearance of any such individual cannot be secured.

The Court defers ruling on motion [92] until after it has considered the evidence and argument presented at the July 17, 2018 hearing.

**IV. Davis's Motion for Sanctions against Defense Counsel [100] for Filing Motion [98].**

Citing Fed. R. Civ. P. 11, Davis requests that the Court sanction defense counsel, contending that Hinds County's Motion for Extension of Time [98] was filed in bad faith and

contains misrepresentations. *See* [99]. Having considered Davis's motion [100], the Court finds that it has no merit and should be denied.

**V. Davis's Motion to Compel the Medical Expert Report of Dr. Ray Melton [109].**

Davis requests that the Court compel Ray Melton, a Nurse Practitioner at Claiborne County Medical Center, to produce an expert medical report on her behalf. *See* [109] 2-3. Davis contends that Nurse Practitioner Melton treated her for injuries allegedly arising from the subject incidents. The undersigned is unaware of any legal authority for this Court to compel Melton to draft an expert report on Davis's behalf, and Davis cites no such legal authority. Motion [109] is denied.

**Conclusion**

1. Davis's Motion for Leave to File Additional Discovery Requests [79] is granted in part and denied in part, consistent with the terms of this Order;

2. The Court defers ruling on Davis's Motion for Sanction [92] and sets the motion for hearing on July 17, 2018 at 1:30 p.m.;

3. Hinds County's Motion for Extension of Time to Respond to Davis's Motion for Sanctions [98] is granted;

4. Davis's Motion for Sanctions against Defense Counsel [100] is denied; and

5. Davis's Motion to Compel the Medical Expert Report of Dr. Ray Melton [109] is denied.

SO ORDERED, this the 26th of June, 2018.

   /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE