IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | |
|---|---|
| **CHAKAKHAN R. DAVIS** | **PLAINTIFF** |
| Vs. | **CIVIL ACTION NO: 3:16-cv-674-DPJ-FKB** |
| **HINDS COUNTY, MISSISSIPPI, ET AL.** | **DEFENDANTS** |

**MOTION FOR FRAUD FINDING SACTIONS AGIANST THE
DEFENDANT HINDS COUNTY & OPPOSING COUNSEL**

COMES NOW, pursuant to Rule 11 (a-c), 37 of the Fed. R. Civ. P. and 28 U.S.C. § 1927 of the United States Constitution., Plaintiff respectfully files this its Motion for Fraud finding Sanctions against the Defendant Hinds County and Opposing Counsel. In support hereof would show unto the court the following:

### I.   INTRODUCTION:

The Fifth Circuit has held that the primary purpose of sanctions is to deter frivolous litigation and abusive tactics." See, e.g., Topalian v. Ehrman, 84 F.3d 433, No. 94-20567, 1996 WL 248995, at *4 (5th Cir. April 12,1996). Furthermore, that the sanction imposed must be "the least severe sanction adequate to achieve the desired result." Scaife v. Associated Air Ctr. Inc., 100 F.3d 406, 412 (5th Cir. 1996). However, "when a party's deplorable conduct is not effectively sanctionable pursuant to an existing rule or statute, it is appropriate for a district court to rely on its inherent power to impose sanctions." See, e.g., Carroll v. The Jacques Admiralty Law Firm, P.C., 110 F.3d 290, 292 (5th Cir. 1997). In order to impose sanctions against a party under its inherent power, a court must make a specific finding that the party acted in bad faith. Toon v. Wackenhut Corr. Corp., 250 F.3d 950, 952 (5th Cir. 2001) (citing Goldin v. Bartholow, 166 F.3d 710,

722 (5th Cir. 1999).   To guide a court's discretion, the Fifth Circuit has determined that a finding of bad faith is a necessary predicate to issuing an inherent power sanction.   See, e.g., Chaves v. M/V Medina Star, 47 F.3d 153, 156 (5th Cir. 1995) ("In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in bad faith.") (internal quotations omitted).   Therefore, the court is "to conduct an independent investigation in order to determine whether it has been the victim of fraud."   Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).   Accordingly, courts have the authority to make credibility determinations to resolve whether such misconduct has occurred.   See, e.g., Whitehead v. Food Max of Miss., Inc., 332 F.3d 796, 808–09 (5th Cir. 2003); and Matter of United Markets Int'l, Inc., 24 F.3d 650, 655 (5th Cir. 1994).

## II.   RELEVANT BACKGROUND

As an initial matter, on the 20th day of July 2017., the Plaintiff in the above styled and numbered cause of action filed a Notice of Service and propounded its First Set of Interrogatory (ies) and Request for Production upon Counsel for the Defense.   See, e.g., CM/ECF Doc No. 40-41. Accordingly, on September 26th 2017 Counsel for the Defense propounded responses/answers unto these discovery request by Plaintiff.   See, e.g., CM/ECF Doc No. 43-44.   Subsequently, on the 20th day of February 2018., Ms. Davis moved for sanctions agianst the County conceding that its Segeant and Deputy Sheriffs had a duty to preserve the May 26th 2015 video footage of this excessive force incidents occurrence.   Summarily, on February 8th 2018 the Plaintiff had discovered an Body Cam Wearing Policy of the Hinds County Sheriff's Department that its Sergeant/Deputy Sheriffs were to follow while conducting an arrest or other similar altercation with those presumed guilty of a crime.   Thus, on the 7th day of March 2018 a Motion for Sanctions against Counsel for the Defense were filed under Rule 11 (b)of the Fed. R. Civ. P. and Section 28

U.S.C. § 1927 of the U.S. Constitution due to several misrepresentations of the case made by her before the Court. See, e.g., CM/ECF Doc No. 100 and 103.   Shortly thereafter, there was an Rebuttal Memorandum of Law in Support of the Motions Request agianst the County filed by Ms. Davis on March 26th 2018 conceding that sanctions are warranted agianst them under Rule 37 (e) of the Fed. R. Civ. P.   Since then, Counsel for the Defense on the 9th day of July 2018 has filed a Third set of Supplemental Responses unto the Plaintiffs First set of Request for Production Request (s) No. 6 and 10 as follows:

> **REQUEST NO. 6**:   Produce an accurate copy of any and all video or audio recordings produced by the Plaintiff in this action or a body cam recorder worn by the Defendant Sergeant Bobby Melson and its Deputy Sheriff (s) on the date of the incident (*i.e.* May 26th 2015).
>
> **RESPONSE**: Defendant would affirmatively aver that the officers did not wear "body cam recorder[s]" and as such, no such recordings exist.   Defendant does not have in its possession any other video or audio recording pertaining to Plaintiff.
>
> **SUPPLEMENTAL RESPONSE**: Defendant wishes to withdraw its initial response to Request No. 6, which is more particularly described above. Defendant Hind County by and through its IT Officer was able to recover the following after-acquired video files of Plaintiff's arrest, which were recorded by a body camera worn by former Hinds County Deputy Corey Carr at the scene of Plaintiff's arrest on May 26, 2015: CLT-DAVIS 2-001841.
>
> **REQUEST NO. 10**:   Produce an accurate copy of any and all photographs, motion pictures or video recordings taken of the Plaintiff (i.e. Ms. Chakakhan R. Davis) from May 14th 2011, and each subsequent year, thereafter, in any observable format whether in print out paper form or some other electronical recoding that will depict an image or other graphic.
>
> **RESPONSE**: Defendant objects on the basis that the Request is not limited in scope to the arrest and incarceration which is the subject of the instant lawsuit and thus is not reasonable calculated to lead to the discovery of admissible evidence. Without waiving its objection, the County is producing the following CLT=DAVIS 2-000001. CLT-DAVIS 2-000006, CLT DAVIS 2-000007, CLT-DAVIS 2-000012, CLT-DAVIT-000016, CLT-DAVIS 2-000022, CLT-DAVIS 2-000029, CLT-DAVIS 2-000038, CLT-DAVIS 2-000041, CLT-DAVIS 2-000189. Hinds County does not have in its possession any motion pictures or video recordings of Plaintiff.
> **AMENDED RESPONSE**: Hinds County withdraw the previous response to Request No 10, in part, wherein it was stated that the County did not have any motion pictures of video

recordings of Plaintiff. The County is producing the following motion picture/video recordings of Plaintiff's arrest from May 26, 2015. CLT-DAVIS 2-001841.

## III.
## DISCUSSION OF THE LAW

**A.   The Defendants And Its Counsel Of Record Has Willfully Withheld The May 26th 2015 Video Footage To Perpetuate Fraud On The Court In That Severe Sanctions Are Warranted.**

Notably, in this action the Defendants and its Counsel have intentionally supplied false answers or responses unto Plaintiffs First set of Interrogatories and Request for Production of Documents propounded on 20th day of July 2017 with the intent to commit fraud upon the Court, that violates Rule 11 / 37 of the Federal Rules of Civil Procedure and justifies the courts entry of judgment by default pursuant to the legal authorities cited herein. See, e.g., Tinnon v. Martin, 716 So. 2d 604, 611 (Miss. 1998); Pierce v. Heritage Properties, 688 So. 2d 1385 also citing Hapgood v. Biloxi Reg. Med. Center, 540 So. 2d 630,634 (Miss. 1989).   Summarily, on the 26th day of September 2017 while responding to Plaintiffs First Set of Interrogatory (ies)., Hinds County and its Counsel stated in answer to Interrogatory No. 15 as follows:

> **INTERROGATORY NO. 15**:   Please describe in detail the nature and extent of any and all Sergeant (s), Officer (s), or Jail Guard (s) body camera worn on the date of the incident ( i.e. May 26th 2015).   And if so, please identify her and/or his name, state her and/or his home or business address, including an active telephone number in which s/he can be reached at such address (es).
>
> **RESPONSE**: There were no body cameras worn by any of the County officers on May 26th 2015, or during the course of Plaintiff's May 2015 incarceration.

Contrawise, the Defendants while responding to Plaintiffs First Set of Request for Production on the same as has been shown above, stated that there is no such recording of the May 26th 2015 false arrest and excessive force incidents occurrence that exist.   See, e.g., the Defendants Response to Request No. 6 as follows:

**REQUEST NO. 6**:   Produce an accurate copy of any and all video or audio recordings produced by the Plaintiff in this action or a body cam recorder worn by the Defendant Sergeant Bobby Melson and its Deputy Sheriff (s) on the date of the incident (*i.e.* May 26th 2015).

**RESPONSE**: Defendant would affirmatively aver that the officers did not wear "body cam recorder[s]" and as such, no such recordings exist.  Defendant does not have in its possession any other video or audio recording pertaining to Plaintiff.

According to Pierce v. Heritage Properties. Inc., 688 So.2d 1385, 1389 (Miss. 1997) the Mississippi Supreme Court, in adopting the language of a U.S. District Court decision, and in dicta stated:

> The District Court agreed with the Defendants that the focus must be on the intentional nature, as well as the pattern, of the Plaintiff's conduct, which included deliberately providing false responses in three discovery mechanisms: the answers to the interrogatories, the request for production of documents, and the deposition testimony. (Emphasis added).

The Court went on to state:

> In this instance, Pierce's failure to comply was a result of willfulness. Pierce constantly obstructed the progress of the litigation by filing admittedly false responses to various discovery requests and by swearing to false testimony in depositions. The Circuit Court judge found that some of the answers provided by Pierce were 'manifestly false'. Pierce's conduct constitutes bad faith."

However, while considering a motion for sanctions based upon Miss. R. Civ. P. 37 (and Fed. R. Civ. P. 37), Courts have uniformly stated that dismissal with prejudice is a sanction of last resort. See, e.g., Batson v. Neal Spelce Associates. Inc .. 765 F. 2d 511, (5th Cir.1985).   Particularly, the facts of this Request for sanctions in this case are almost identical but different from Pierce., because the Defendants are involved, whereas, Hinds County and its Counsel have engaged in a pattern of egregious discovery misconduct.   This includes deliberately providing false responses during the course of discovery and several misrepresentations in multiple responsive pleadings before the court unto the previous Motion for Sanctions filed agianst them as set forth below:

1. The Defendants and its Counsel on the 26th day of September 2017 while responding to Plaintiffs First Set of Interrogatory (ies) stated that there were no body cameras worn by any of the County officers on May 26th 2015, or during the course of Plaintiff's May 2015 incarceration.

2. The Defendants and its Counsel on September 26th 2017 while responding to Plaintiffs First Set of Request for Production stated that the officers did not wear "body cam recorder[s]" and as such, no such recordings exist.

3. The Defense Counsel on March 5th 2018 filed a Motion for an Extension of Time to Respond to the Motion for Sanctions agianst the County by Plaintiff that Stated Plaintiff filed a Motion for Sanctions on February 20, 2018, insisting that a Hinds County officer, Bobby Melson, was at the scene of her arrest and stated to her that he was recording the events surrounding her arrest. See CM/ECF Doc. No. 92. In support thereof, Plaintiff conventionally filed, albeit without notice to Defendant and without having served the same to Defendant, an audio recording of someone whom she purports to be a Hinds County officer stating that he was recording her.[1]

4. The Defense Counsel on March 9th 2018 while responding to a Motion for Sanctions agianst her stated officer body camera footage is archived by the officer's name, and as such, it is imperative to have the correct name of the officer in order to conduct a search of the proper, corresponding, archived footage. Plaintiff, despite having been advised that there was no officer named Melson at the scene of her arrest, has continued to create confusion on the part of County employees attempting to locate any video footage of Ms. Davis' arrest by persisting in her allegation that not only was there a Bobby Melson at the scene, but that he was the very same officer who recorded the arrest on his body camera.[2]

---

[1] On the 6th day of December 2017 is when Ms. Davis propounded responses unto the Defendants First Set of Request for Production of Documents which enclosed Exhibit "A" attached to the Motion for Sanctions filed on February 20th 2018 as follows:

> 6. Please identify any photographs, drawings, surveys, movies, videotapes or audio files or any other such documentation depicting any person, including yourself, or any object or place which in any way relates to your claims against Hinds County, including the name, address and telephone number of the person or persons who have said documents or things.
>
> **Supplemental Answer:**   Plaintiff objects to this interrogatory to the extent that the same is vague, ambiguous, overly broad, unintelligible, harassing and seeks information beyond the scope of permissible discovery. Fed. R. Civ. P. 26 (b). Now, without waiving said objection, Plaintiff answers to this interrogatory to the extent that it is non-objectionable. The video-audio recording taken by Ms. Davis on May 26th 2015 of the Sergeant and Sheriff Deputy (ies) depicts the Plaintiffs mother Mrs. Rose Jenkins, Sergeant Bobby Melson, Deputy Chris Maddox, and all other Deputy Sheriff (s) who had arrived at the residence.   Additionally, Attorney Trey Britton and Judge Ivory Britton on June 19th 2015 at the Hinds County Justice Court. Please also refer to Interrogatory Response No. 4 and Plaintiffs Initial Disclosures filed in the case. Currently, the video/audio recording are in the custody, control or possession of Plaintiff, who have forwarded a copy of said documents to the Defendants.
>
> Pl's Second Set of Supplemental Interrogatory (ies) dated February 12th 2018. See also, e.g., CM/ECF Doc. No. 92-1 and 98.

[2] The Defendants while on the 26th day of September 2017 providing responses unto Plaintiffs First Set of Interrogatory (ies) disclosed the authentic name of Sergeant Melson as follows:

5. The Defendant Hinds County and its Counsel on March 14th 2018 while responding to a Motion for Sanctions agianst the County stated that the Hinds County Sheriff's Department IT Officer, Warren Finch, conducted a search for footage with a creation date of May 26, 2015, on the cameras and folders on the Hinds County Patrol Division server assigned to two of the officers believed to be at the scene of Plaintiff's arrest. See Finch Aff., attached hereto as Exhibit C. The camera assigned to Bobby Nichols / Corey Carr and the server where Bobby Nichols / Corey Carr body camera footage was stored were searched by Officer Finch. Finch Aff., ¶9-10. No footage of Plaintiff's May 26, 2015, arrest exists on either Deputy Nichols' / Carrs' camera or in Deputy Nichols' / Carrs' assigned folder on the Patrol Division's server. Id. Significantly, Officer Finch is the only person with the capability to delete body camera footage and has testified that he has not deleted any body camera footage that was recorded by and/or uploaded to the server by Bobby Nichols nor / Corey Carr. Id. at ¶7-8, 11. See, e.g., CM/ECF Doc No. 104

Consistently, courts have held that when a party deliberately frustrates the discovery process through false testimony, conscious concealment of information, and intentional destruction of relevant evidence, the striking of pleadings and/or the entry of a default is well within the trial court's discretion, even if the aggrieved party, through diligence or luck, eventually uncovers the truth. See, e.g., Compare Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am., 341 S.W.3d 323, 337 (Tex. 2011) (listing the elements of fraud under Texas law) with First Nat'l

---

**Interrogatory No. 11**: Separately for 1991 and each subsequent year through 2017, describe in detail the specific law rank, duties and/or responsibilities whether written or verbally spoken controlled by the Supervisor (s), Sergeant (s), Officer (s) and Jail Guard (s) named in this action through by he and/or his employment with the Hinds County Sheriff's Department or Raymond "Adult" Detention Center.

**Response:** Defendants objects on the basis that the interrogatory is confusing, ambiguous, overly broad and overly burdensome inasmuch as it is not limited to a reasonable time period preceding the May 2015 arrest and/or incarceration which are the subject of Plaintiffs Complaint. Without waiving its objection, the County avers that Officer Brenda Jones is a correctional officer at Hinds County Detention Center at Raymond. Chris Maddox was not a County employee, but rather at the time of Plaintiffs arrest, was a reserve deputy with Hinds County Reserve Deputy (ies) association, a non-profit 501(c) (3) organization. There is not, nor has there ever been, a Hinds County employee by the name of Bobby Melson, who was previously named in the instant cause. As stated in Defendants Initial Disclosures, Sergeant Bobby Nichols was a deputy with Hinds County Sheriff's Department and is believed to have been at the scene of Plaintiffs arrest. Sheriff Tyrone Lewis was the duly-elected Sheriff of Hinds County at the time of Plaintiffs May 2015 arrest and incarceration.

The job duties of Office Jones are more particularly described in the following document: CLT-DAVIS 2-000222-000223. The job duties of Sgt. Nichols are more particularly described as follows: 6.01 Patrol Organization and Administration, CLT-DAVIS 2-000225-000230. See also, e.g., CM/ECF Doc No. 102.

Bank of Louisville v. Lustig, 96 F.3d 1554, 1573 (5th Cir. 1996) ("To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision); and Okros v. Angelo Iafrate Const. Co., 298 F. App'x 419, 427-28 (6th Cir. 2008). This is especially true where, as here, it is the County and it's Counsel, who is to blame. In cases of a party's willfulness and bad faith, Mississippi courts have consistently affirmed the entry of the most severe sanctions. Id. While it is anticipated that the Defendant and its Counsel will contend that the above described discovery misconduct was unintentional, accidental or otherwise excusable, an objective assessment of this willful misconduct compels a finding that their intentional abuse of the discovery process was far from innocent and was designed to obstruct discovery and result this action in bad faith. See, e.g., Gonzalez v. Trinity Marine Grp., Inc., 117 F.3d 894, 899 (5th Cir. 1997); see also Topalian, 3 F.3d at 937 (holding that district courts must show that "sanctions are not vindictive or overly harsh reactions to objectionable conduct, and that the amount and type of sanction was necessary to carry out the purpose of the sanctioning provision"). Overtly, the Defendant's and its Counsels egregious misconduct in this action by intentionally providing false answers or responses regarding the Hinds County Sheriffs Dept's May 26th 2015 false arrest and excessive force body camera video footage were intended to lead this Court into believing the veracity of an document that is, in fact, a false piece of evidence.3

---

3 See, e.g., Plf's June 13th 2018 Deposition regarding the false incident / arrest report prepared by the Defendants Sergeant and Sheriff Deputy (ies) on the date in question: pages 19-26 and Rule 3.3 of the ABA's Model Rules of Professional Conduct specifically provides that as an advocate:

Rule 3.3 Candor Toward The Tribunal

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

Nevertheless, on May 14th 2018 the Hinds County Sheriff's Departments IT Officer Warren Finch stated in a sworn Affidavit attached to the County's Response In Opposition to Ms. Davis Motion for Sanctions., that he had personally conducted a search for footage with a creation date of May 26, 2015, on the cameras and folders on the Hinds County Patrol Division server assigned to Bobby Nichols / Corey Carr.   More better described as the Patrol server where Bobby Nichols / Corey Carr body camera footage was stored, whereas, no such footage exists., now all of a sudden the video footage taken by the body camera of the Defendants Sergeant / Deputy Sheriffs on May 26th 2015 magically appears in this action.

> (i).   ***Counsel For The Defense Has Willfully Provided Discovery Answers Or Responses Known To Be false And Misrepresented The Factual Record Of This Case in Multiple Ways To Improperly Influence The Court In Its Decision Making.***

Notably, Rule 11 (b) provides: {T}hat by presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:       (1) it is not being presented for

---

(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

See also ABA Model Rules 8.4(c) (an attorney shall not engage in conduct involving dishonestly, fraud, deceit or misrepresentation)

any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. (c) Sanctions. (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee. (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. Consequently, in this action it has been more than 21 days since the Defendants filed an Notice of Service of Discovery responses on the 26th day of September 2017 and misrepresented that none of the Defendants Officer were wearing body cameras on May 26th 2015 and as such no such recording of the false arrest and excessive force incidents occurrence exist. However, such wrongdoings were done intentionally and because of this blatant misconduct, this court should sanction the Defense and its Counsel who participated

in such unconscionable executed plan, or scheme to perpetrate fraud upon the court. See, e.g., First Nat'l Bank of Louisville v. Lustig, 96 F.3d 1554, 1573 (5th Cir. 1996) ("To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision); and Okros v. Angelo Iafrate Const. Co., 298 F. App'x 419, 427-28 (6th Cir. 2008).

## IV.    CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests this court to grant this motion in its entirety and enter judgment by default against the county and/or allow a fraud finding sanction to be entered into evidence against the Defendants at the trial of this cause.[4]

Respectfully Submitted, this the 13th day of July 2018.

MS.   CHAKAKHAN R. DAVIS, PLAINTIFF

By: _____
32942 / 50 Hwy 18, Utica, MS 39175
chakakhandavis@yahoo.com

---

[4] See, e.g., Hull v. Municipality of San Juan, 356 F.3d 98 (1st Cir. 2004), where the First Circuit affirmed the dismissal of a plaintiff's complaint because the plaintiff had committed fraud by failing to provide pertinent medical information in his deposition. The Report quoted Hull's reasoning that plaintiff's "deceits were substantial, deliberate, and went to the heart of the case. And since not everyone will be caught, the penalty needs to be severe enough to deter.

## **CERTIFICATE OF SERVICE**

By my signature above, pursuant to ***Rule 5 (b) (2)*** of the ***Fed. R. Civ. P***, I hereby certify that I have electronically filed an ***Motion for Fraud Finding Sanctions Against the Defendant Hinds County and Opposing Counsel*** with the U. S. District Courts Clerk (Northern Division) using the CM/ECF system which automatically sent notification of such filing to the following individual/s:

1. Mr. William R. Allen., and
2. Ms. Jessica S. Malone.
   ALLEN, ALLEN, BREELAND & ALLEN, PLLC
   P.O. Box 751
   214 Justice Street
   Brookhaven, MS 39601/2
   Tel: (601) 833-4361
   Fax: (601) 833-6647
   Email: wallen@aabalegal.com
   Email: jmalone@aabalegal.com

*Undersigned Counsel for the Defense.*

This, the 13th day of JULY 2018.

                          Respectfully Submitted,
MS.   CHAKAKHAN R. DAVIS, PLAINTIFF

*/s/ CRD*

All Rights Reserved.