UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAKAKHAN R. DAVIS                                                          PLAINTIFF

V.                                                  CIVIL ACTION NO. 3:16-CV-674-DPJ-FKB

HINDS COUNTY, MISSISSIPPI,
AND TYRONE LEWIS                                                          DEFENDANTS

ORDER

Plaintiff Chakakhan R. Davis seeks reconsideration of this Court's April 30, 2018 Order

[119] granting Defendant Hinds County's Motion for Judgment on the Pleadings [75].  Because

Davis still fails to demonstrate that the claims she wishes to pursue are plausible under the facts

submitted, the Court denies her Motion for Reconsideration [135].

I.      Background

On April 30, 2018, the Court entered an order granting Hinds County's Motion for

Judgment on the Pleadings.  *See* Apr. 30, 2018 Order [119].  In relevant part that Order:  (1)

dismissed Davis's Fourth Amendment claims for false-arrest and excessive-force related to her

arrest because Davis failed to allege any Hinds County policy or instances of inadequate training

to support her claims; (2) dismissed Davis's unlawful-search claim only as to the strip-search

incident; (3) dismissed Davis's Fourteenth Amendment excessive-force claim regarding only

Officer Brenda Jones's conduct in digging her nails into Davis's arm while allegedly dragging

Davis to her cell; (4) reaffirmed the earlier dismissal with prejudice of Davis's state-law false-

imprisonment claim related to the detention center; and (5) dismissed Davis's Eighth

Amendment claims because Davis at all times was a pretrial detainee.  *See generally id.*  Davis

asks the Court to reconsider its dismissal of her "false arrest, illegal search/seizures, excessive

force, false imprisonment and Eighth Amendment Cruel and unusual punishment Claims." Pl.'s

Mot. [135] at 5. The Court now turns to Davis's arguments.

II.     Standards

Davis seeks reconsideration under Federal Rule of Civil Procedure 60(b)(6). But because

the Order granted only partial dismissal, it was interlocutory, and the Court must consider

Davis's request for reconsideration under Federal Rule of Civil Procedure 54(b). *Cabral v.*

*Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). That rule states that interlocutory orders "may be

revised at any time before the entry of a judgment adjudicating all the claims and all the parties'

rights and liabilities." Fed. R. Civ. P. 54(b). "'Interlocutory orders,' such as grants of partial

[dismissal] . . . 'are left within the plenary power of the court that rendered them to afford such

relief from them as justice requires.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th

Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985)). Whether

to grant such relief is a matter left to the trial court's discretion. *Id.*; *see also* Fed. R. Civ. P.

60(b) advisory committee's note to 1946 amendment (stating that "interlocutory judgments are

not brought within the restrictions of [Rule 60], but rather they are left subject to the complete

power of the court rendering them to afford such relief from them as justice requires").

III.    Analysis

A.      Arrest-Related Claims

Davis says the Court erred in dismissing her Fourth Amendment arrest-related claims on

the basis that she failed to plead facts suggesting deliberate indifference. Specifically, she argues

that the Court should have applied the single-incident theory espoused in *City of Canton v.*

*Harris*, 489 U.S. 378, 390 (1989). *See* Pl.'s Mot. [135] at 7. Accordingly, she asks the Court to

reconsider dismissal of her false-arrest and excessive-force claims.

Regarding the single-incident exception, the Fifth Circuit has stated that:

> a showing of deliberate indifference is difficult, although not impossible, to base
> on a single incident. . . .  The "single incident exception" is narrow and to rely on
> the exception "a plaintiff must prove that the highly predictable consequence of a
> failure to train would result in the specific injury suffered, and that the failure to
> train represented the moving force behind the constitutional violation."

*Sanders-Burns v. City Of Plano*, 594 F.3d 366, 381 (5th Cir. 2010) (quoting *Davis v. City of N.*

*Richland Hills*, 406 F.3d 375, 386 (5th Cir. 2005)).  In application, the Fifth Circuit has further

noted:

> Deliberate indifference flows from knowledge of the effects of decisions or
> conditions and taking no steps to correct the shortcomings, which is why the
> single-incident exception rarely can succeed.  Instead of showing a prior incident
> that would have created the knowledge, the [plaintiffs] have done nothing more
> than show deficient training on the use of force.  In the absence of a prior
> incident, the training deficiencies must have been so obvious that the shooting
> here would have appeared to [defendant] as a "highly predictable consequence."
> *Valle* [*v. City of Hous.*], 613 F.3d [536,] 549 [(5th Cir. 2010)].  The [plaintiffs]
> have not brought to our attention any case, and we are aware of none, supporting
> a finding of deliberate indifference based on no more than this.

*Hobart v. Estrada*, 582 F. App'x 348, 358 (5th Cir. 2014) (internal citation omitted).

Here, Davis fails to plead any non-conclusory facts that could support a finding that

Hinds County was knowledgeable about any deficiencies in training.  As the Court noted in its

prior Order,

> To begin, [Davis] offers nothing beyond conclusory and speculative statements
> that a failure to train or supervise actually occurred.  *See, e.g.*, Pl.'s Am. Compl.
> [61] at 5 (averring that Defendants were "reckless and/or careless [in their]
> training, supervision and discipline").  The Court must ignore such averments.
> The remaining assertions never say how the training or supervision was
> inadequate or how it caused her arrest-related claims.

Apr. 30, 2018 Order [119] at 6–7.  In her motion, Davis fails to adduce any additional facts that

would change the Court's above analysis.  Therefore, the Court denies Davis's motion as to these

arrest-related claims.

B.      Illegal-Search and False-Imprisonment Claims

Davis also asks the Court to reconsider dismissal of her false-imprisonment and illegal-search claims.  *See* Pl.'s Mot. [135] at 17–20.  The Court dismissed Davis's illegal-search claim only as it related to the alleged strip-search and found her false-imprisonment claim relating to the detention center barred by Mississippi Code § 11-45-9(1)(m).  Davis fails to proffer any arguments relating to these grounds for dismissal.  Consequently, Davis's Motion for Reconsideration [135] is denied as to these claims.

C.      Eighth Amendment

Davis continues to say that she has properly pleaded an Eighth Amendment claim.  *See* Pl.'s Mot. [135] at 20–22.  Davis at no point alleges in her Complaint that she was a prisoner. Instead, Davis at all times was a pretrial detainee.  "The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment, and, with a relatively limited reach, from substantive due process.  The constitutional rights of a pretrial detainee, on the other hand, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment."  *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996).  On this basis, the Court denies Davis's request to reconsider dismissal of her Eighth Amendment claim.

IV.    Conclusion

The Court has considered all arguments.  Those not specifically mentioned would not have changed the outcome.  Based on the foregoing, the Court denies Davis's Motion for Prospective Relief and Reconsideration [135].  Finally, the Court notes that this is Davis's third motion for reconsideration.  *See* Mots. [63, 95].  Although she is representing herself, the Court

will not continue to rehash the same issues, and any future motions for reconsideration that lack

merit may be grounds for monetary sanctions.

      **SO ORDERED AND ADJUDGED** this the 20th day of August, 2018.

s/ <em>Daniel P. Jordan III</em>
CHIEF UNITED STATES DISTRICT JUDGE