IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHAKAKHAN R. DAVIS     PLAINTIFF

vs.     CIVIL ACTION NO. 3:16-cv-674-DPJ-FKB

HINDS COUNTY, MISSISSIPPI and
TYRONE LEWIS     DEFENDANTS

## ORDER

Before the court are two motions filed by Plaintiff Chakakhan Davis: (1) motion [143] for recusal of the district and magistrate judges assigned to this case; and (2) a "Motion for Prospective Relief of the Undersigned Decree" [146], requesting the magistrate judge's recusal and vacation of Order [145]. Chief District Judge Daniel P. Jordan III has already denied the portion of motion [143] seeking his recusal. [157]. For the reasons stated below, the remainder of motion [143] is denied, and motion [146] is also denied.

Davis contends that the undersigned magistrate judge should recuse himself from this case. As grounds for recusal, Davis cites the following: the undersigned's ruling on her motion to quash [124];[1] the undersigned's instruction to her that if she was disruptive during the deposition of her mother or brother, she may be excluded from the deposition(s);[2] and her speculation that the

---

[1] In her motion to quash, Davis requested that the undersigned quash the defendants' notices for the depositions of her mother and brother. Davis claimed in the motion that her mother suffers from "paranoid schizophrenia" and that her brother is a "hostile, prejudice[d], and/or biased witness." [124] at 2. However, in her amended complaint, Davis included both her mother and brother in the events giving rise to her claims, and in an interrogatory response, Davis specifically identified her mother and brother as having "discoverable knowledge of the facts and circumstances of this case." [61] at 3-4; [124] at 1-2. Davis failed to show that her mother was incompetent to testify, and the defendants were certainly entitled to depose those with "discoverable knowledge," even if they are "hostile, prejudice[d], and/or biased." Accordingly, the undersigned denied Davis's motion to quash.

[2] Under Fed.R.Civ.P. 26(c)(1)(E), the court may exclude a disruptive party from a deposition. *See Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973)("it is clear that the court has the power to exclude even a party" from a deposition); *Bell ex rel. Estate of Bell v. Bd. of Educ. of Co. of Fayette*, 225 F.R.D. 186, 196 (S.D.W.Va. 2004)("Of course, [a party] . . . might be excluded [from a deposition] upon a specific showing that they might act coercively or disruptively."). The undersigned did not, however, exclude Davis from the deposition of her mother or brother.

undersigned somehow "participated" in an email advertisement entitled, "Slow Thyroid? Follow these 3 all-natural steps," being sent to her. [146] at 6; [146-1].[3]

Under 28 U.S.C. § 455(a), "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section (b) of the statute lists additional grounds for disqualification, including where the judge "has a personal bias or prejudice concerning a party," "personal knowledge of disputed evidentiary facts concerning the proceeding," where "in private practice he served as lawyer in the matter in controversy," or "has been a material witness concerning it." 28 U.S.C. § 455(b).

"The standard for judicial disqualification under 28 U.S.C. § 455 is whether a reasonable person, with full knowledge of all the circumstances, would harbor doubts about the judge's impartiality." *Matassarin v. Lynch*, 174 F.3d 549, 571 (5th Cir. 1999) (citation omitted). The standard for bias is an objective one. *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

It is well-established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Andrade*, 338 F.3d at 455 (citation omitted).

> We note that remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Not* establishing bias or partiality are expressions of impatience, dissatisfaction, annoyance, and even anger that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration
>   - even a stern and short-tempered judge's ordinary efforts at courtroom administration
>   - remain immune.

*Matassarin*, 174 F.3d at 571 (citations and ellipses omitted).

---

[3] The only basis for Davis's speculation is that the undersigned previously "asked [her] . . . [if she had a] Medical Causation Expert to Opine that the [defendants'] . . . use of excessive/deadly force were the cause of [her] anxiety/sleep/hyperventilation/depression/and chronic back pain." [146] at 6.

Having considered all of Davis's allegations in her motions, the undersigned finds no basis under 28 U.S.C. § 455 or otherwise to recuse himself. The undersigned's ruling and instruction at issue simply applied the court rules and governing law in an attempt to effectuate just, efficient, and orderly discovery in this case. And the undersigned did not participate in the subject email advertisement being sent to Davis. Davis's motions identify no bias or partiality.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Davis's motion [143] for recusal of the undersigned and motion [146] are denied.

SO ORDERED AND ADJUDGED, this the 13th day of September, 2018.

/s/ *F. Keith Ball*
UNITED STATES MAGISTRATE JUDGE